*421 OPINION.
MoRRis:
The taxpayers contend that the difference between $210,-000 which Carl Lang and Lewin might have paid under the agreement with Hoffman, and the $225,000 which they in fact paid, or $15,000, was in the nature of interest and deductible by the partnership of Lang & Lewin in determining its income for 1922.
The best evidence of its nature is the contract itself. The language is specific:
Tbe parties of the first part shall have the option upon the first day of December, 1922 * * * to purchase the interest of the party of the second part in said business at the price of $225,000 instead of the price of $210,000.
Under the first option the purchasers were obligated to pay the entire sum of $210,000 by December 1, 1922, with interest at the rate of 6 per cent from November 1, 1922, on the installment payments provided for under that option. Under the second option, fixed and flat amounts were provided for, $100,000 by December 1,1922, against which the $25,000 paid at the execution of the agreement of November 1, 1922, would be credited, and the balance of $125,000 in five payments of $25,000 each on February 1, May 1, August 1, and November 1, 1923, and February 1, 1924. The in *422 stallments were “to be evidenced by the promissory negotiable notes of the parties of the first part, payable at said respective dates without interest.”
The fact that interest at 6 per cent was provided for under the first option and no interest on deferred payments under the second, might be the basis for the argument that the $15,000 was in the nature of interest, but it is just as conceivable that, by reason of the higher purchase price, Hoffman was willing to waive any claim to interest. The parties were free to make such arrangement and provide such terms as they saw fit — interest under one situation, no interest under another. The taxpayers, Carl Lang and Lewin, elected to pay a higher price, obtain a longer period for completing the payment and to save themselves from any interest obligations during that period.
The second question raised in the appeal is solved by a correction of what, in our opinion, is an improper allocation by both the taxpayers and the Commissioner of the aggregate net profits of the two partnerships to the various partners. The evidence shows a different interest in the partnership income of the two partnerships than that determined by the Commissioner. It also appears that, upon the dissolution of the old partnership, the books were not closed to determine the profits for the ten-month period. The aggregate net profits for the year 1922 were $72,233.74, but the net income of each partnership can not be determined. Under these circumstances, it is our opinion that ten-twelfths of the net profits for the year should be allocated to the partnership of Lang & Hoffman and two-twelfths- to the partnership of Lang <⅞ Lewin, and should be accounted for by the taxpayers in proportion to their respective interests therein, as set forth in the findings of fact.